[Young v. The State.]

# Young v. The State.

*Indictment for Selling or Giving Liquor to Person of Known Intemperate habits.*

1. *Penal statute; no conviction for violating policy of.*—Penal laws are not, by construction, made to embrace cases not plainly within their meaning. One can not be convicted for doing an act which contravenes the mere policy of a penal statute.

2. *Selling liquor to intemperate person; what not within the statute.*—Where the defendant received a dollar from one B., whom he knew to be a person of intemperate habits, and under B.'s promise that he (defendant) was to have any surplus of the money, went and purchased of a liquor dealer a bottle of whiskey and delivered it to B.,—*Held*, that this was neither a selling nor giving of liquor to B. by defendant, and was not within the terms or contemplation of the statute.—Code of 1876, § 4205.

APPEAL from Circuit Court of Dale.
Tried before Hon. H. D. CLAYTON.

The opinion states the case.

B. F. CASSADY and W. D. WOOD, for appellant.—1. All criminal statutes must be strictly construed, and can can not be extended by construction, and this strict rule of construction would certainly give the words "sell" and "give," in the Code of 1876, § 420, their common import and signification. See *Crosby v. Hawthorn*, 25 Ala. 221; *Bettis v. Taylor*, 8 Port. 564; *Bartlett & Waring v. Morris*, 9 Port. 266; *Thurman v. State*, 18 Ala. 276.

2. The defendant in this case acted in the capacity of Blackwood's agent.—See Story on Agency, 8th ed. § 3. Could defendant, therefore, as such agent, be convicted? It is true an agent can not excuse himself from criminal liability because of doing the act in course of his agency; but, under the facts of this case, has the law been violated? Could Blackwood, the principal, be held liable or guilty of any offense, under said statute, for *purchasing* liquor? If not, *a fortiori*, Blackwood's agent can not.

JOHN W. A. SANFORD, Attorney-General, *contra*.

MANNING, J.—Defendant, at the request of one Blackwood, whom he knew to be a person of intemperate habits,

[Young v. The State.]

received from him one dollar, and under his promise that defendant might have any surplus of the money, bought of a dealer in liquors one bottle of whiskey, and carried and delivered it to Blackwood. Being indicted and convicted for this, under section 4205 of the Code of 1876, defendant here insists that the circuit judge erred in charging the jury that upon evidence of these facts, and of the venue, they should find the defendant guilty.

The statute declares, that "any person, whether with or without a license, who shall sell or give away spirituous, vinous or malt liquors, in any quantity whatever, to minors, or persons of known intemperate habits, except," &c., shall be fined, &c.

The rule is, that penal laws are not by construction to be made to embrace cases not plainly within their meaning. "In nothing," (said TILGHMAN, C. J.) "is the common law which we have inherited from our ancestors, more conspicuous, than in its mild and merciful intendment towards those who are objects of punishment."—*Com. v. Duane*, 1 Binney, 601. One who commits an act which does not come within the words of a penal statute, according to the general and popular understanding of them, when they are not used technically, is not to be punished thereby, merely because the act contravenes the policy of the statute.

The purpose of the enactment under consideration is obvious; and the construction put upon it by the circuit judge, tends to carry out that purpose. But it does so, we think, by extending the statute to a case not within its terms, as they are generally understood, and not within the mind of the legislature that enacted it. It might be argued, certainly, that one who takes the money of another, and buys a bottle of whiskey with a part of it, (though it is not shown whether this defendant paid a part of the money only or all of it for the bottle of whiskey), and then delivers it to the person from whom the money was received, in effect, *sold* the whiskey to him. But this is putting upon the word *sold*, a strained interpretation.

The instance proved was not within the contemplation of the law makers, and not provided for by them. No liquor was *given away* by any body. The real seller, was the dealer in liquors of whom the whiskey was bought. And the defendant, in getting it, was but the agent of Blackwood, the purchaser. And if he were known, as such, to the real seller, the latter would be the person who ought to be indicted.

Let the judgment be reversed and the cause remanded.