# Ghent *v.* The State.

*Prosecution for Driving Animal from Lawful into Unlawful District, to be Impounded.*

1. *Illegally removing and impounding animals; what is not.*—It is not a violation of the statute forbidding the driving of animals from a lawful into an unlawful district, to be impounded (Code, § 3868), to drive or carry an animal, with the intention of impounding it, from one place in a district in which it is unlawful for it to run at large to another place in the same district.

APPEAL from the County Court of Wilcox.
Tried before the Hon. James T. Beck.

The statement of offense, filed by the solicitor in the County Court, and upon which the appellant, Clayton Ghent, was tried and convicted, charged, that he "did knowingly and willfully drive or carry cattle belonging to W. Ross, which cattle at the time were running at large in a district where it was lawful for such animals to run at large, into another district where it was not lawful for such animals to run at large, with the intention that such animals shall be impounded, against the peace and dignity," &c.

The evidence is sufficiently stated in the opinion.

[Ghent v. The State.]

The defendant requested the following, among other written charges, and separately excepted to the court's refusal to give each of them :   (9.) "That if animals, cattle, or stock are driven or carried from one enclosure or pasture into another enclosure or pasture, when both are within a district in which it is not lawful for such animals, cattle, or stock to run at large, even though willfully and knowingly done, and with the intention of impounding or shutting up the same, this is not a violation of section 3868 of the Criminal Code of Alabama."   (10.) "That if the jury find from the evidence that, on or about the 15th of March, 1890, the defendant drove or carried from the pasture or enclosure belonging to said William Ross, the prosecutor, animals or cattle belonging to said William Ross into the pasture or enclosure belonging to said James Ghent, and they further find that both said pastures or enclosures are in Black's Bluff beat in Wilcox county, Alabama ; and further find that said entire beat had been declared, and was then established, as a district within which it was not lawful for such animals or cattle to run at large, they cannot convict the defendant."   (12.) "That if the alleged driving or carrying of the animals was *from* one enclosure *into* another enclosure, and the jury find further from the evidence, that both said enclosures were within Black's Bluff beat, and that said beat had been established as, and was then, a district where it was not lawful for such animals to run at large, they should acquit the defendant."

R. Gaillard, for the appellant, cited *Young v. State*, 58 Ala. 358; *Grooms v. Hannon*, 59 Ala. 510; and referred to many statutes, local and general, to show the meaning of the word "district," as used in similar connections.

Wm. L. Martin, Attorney-General, for the State.

THORINGTON, J.—The prosecution in this case was begun before a Justice of the Peace, and on appeal from that court it was tried in the County Court, where the defendant being convicted, he brings the case to this court by appeal.

The proceedings before the justice were very irregular, it being doubtful from the papers, what offense, if any, was charged against the defendant.   In the County Court the statement of the offense, filed by the solicitor, is evidently based on the provisions of section 3868 of the Criminal Code.   The view we take of the case makes it unnecessary

for us to decide the questions reserved by the defendant on the pleadings and testimony. We shall only consider the rulings of the court on the charges asked by the defendant and refused by the court.

The undisputed testimony shows that the father of defendant, and the prosecutor, owned adjoining lands, separated by a division fence ; that the land of each was enclosed, and that both places were within the limits of the same lawfully declared stock district. The evidence for the prosecution showed that the division fence, on or about March 16, 1891, was let down by defendant, and the prosecutor's cattle driven by defendant from the prosecutor's enclosure into the enclosure of defendant's father, when they were impounded by the latter. The defendant's testimony tended to show that he was innocent of the charge.

The title of the act in the original statute of Feby. 13, 1879 (Acts 1879, p. 168) is "To prevent illegal impounding of animals running at large," and the title as contained in section 3868 is, "Driving animals from lawful into unlawful district to be impounded." The language of the act is, "Any person, who knowingly and wilfully drives or carries any animal running at large in any district where it is lawful for such animal to run at large, into any other district where it is not lawful for such animal to run at large, with the intention that such animal shall be impounded, must, on conviction, be fined," &c. This is a penal statute and can not be extended by construction to embrace cases not plainly within its meaning. "One who commits an act which does not come within the words of a penal statute, according to the general and popular understanding of them, when they are not used technically, is not to be punished thereby, merely because the act contravenes the policy of the statute."—*Young v. The State*, 58 Ala. 358. In order to bring a case within the terms of section 3868 of the Code, the following concurring facts must exist : 1. The animal must be running at large in a district where it is lawful for such animal to run at large. 2. Such animal must be driven or carried into another district where it is not lawful for the same to run at large. 3. The person who so drives or carries such animal must do so knowingly and wilfully, with the intention that such animal shall be impounded.

Viewing this statute in the light of other legislation of the State on the same subject, it obviously refers to two classes of districts. One, territory in which no stock law is of force ; the other, territory which is subject to such

[Scott v. The State.]

a law; and the offense contemplated is the knowingly and wilfully driving or carrying animals from the former into the latter, with the intention that such animals shall be impounded. It may be a question for the legislature whether the statute should not be broadened in its terms, in order to make it more effective to suppress the evil at which it is aimed, but the courts must deal with the statute as they find it. It is clear that the facts proved by the prosecution, if accepted as true, without reference to the testimony of the defendant to the contrary, do not make out case coming within the terms of the statute. The animals, defendant is charged with driving, were not running at large in a district, within the meaning of the statute, where it was lawful for them to run at large, nor were they driven from a district of the one kind into a district of another kind, as such districts are hereinabove defined.

Several of the charges requested by defendant conformed to these views and should have been given. In refusing to give them the County Court erred and for such error the judgment of that court is reversed, and, inasmuch as it appears that no conviction can be had, judgment will be here entered discharging the defendant.

Reversed and rendered.