[Scott v. The State.]

# Scott *v.* The State.

### *Discharging Gun Along Public Highway.*

(Decided July 2, 1907.   44 South. 544.)

*Discharging Fire-Arms; Public Highway; What Constitutes.*—As used in section 5354, Code 1896, the words, "along" or "across" have reference to the direction in which the fire-arm was fired,, and not to the position of the person firing, so that· a person standing near the margin of the public highway and firing a gun away from the highway cannot be said to have violated such section.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Spence Scott was convicted of firing a gun along or across a public highway and he appeals.   Reversed and remanded.

WILLIAM F. HOGUE, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

DENSON, J.—This appeal presents for construction section 5354 of the Code of 1896, which reads as follows: "Any person, who discharges a gun, or any other kind of firearms, along or across any public road, must, on conviction be fined not less than ten, nor more than fifty dollars." "The primary object of all rules for interpreting statutes is to ascertain the legislative intent, or exactly the meaning which the citizen is authorized to understand the Legislature intended." "Where the legislative meaning is plain, there is not only no occasion for rules to aid in the interpretation, but it is contrary

to the rules to employ them. The courts have simply to enforce the statute according to its obvious terms."—Bishop on Statutory Crimes (3d Ed.) §§ 70, 72; *Reese's Case,* 73 Ala. 18. "A penal statute cannot be extended by implication or construction to cases within the mischief, if they are not at the same time within the terms of the act, fairly and reasonably interpreted."—Bishop on Statutory Crimes, § 190e; *Huffman's Case,* 29 Ala. 40; *Young's Case,* 58 Ala. 358. In the case last cited this court said: "One who commits an act which does not come within the words of a penal statute, according to the general and popular understanding of them, when they are not used technically, is not to be punished thereby merely because the act contravenes the policy of the statute." Again, such statutes are to reach no further in meaning than their words.—*People v. Peacock,* 98 Ill. 172. "No person is to be made subject to them by implication, and all doubts concerning their interpretation are to predominate in favor of the accused. Only those transactions are covered by them which are within both their spirit and their letter, reasonably interpreted."—Bishop on Statutory Crimes, § 194; *Cearfoss' Case,* 42 Md. 403.

The contention of the state in this case is that it makes no difference in what direction the gun or firearm is discharged, if the person firing it is at the time standing near the road. This contention, it is obvious, would make guilty one who, standing near the road, with his back to it, should shoot straight in front of him, in a direction opposite to the road, or directly above his head. Manifestly this interpretation makes the words "along and across" refer to the position of the person while discharging the gun or firearm, and not to the direction in which the gun may be fired, and would require a construction of the statute as though it read: "Any person,

who discharges a gun or other firearm while standing along or across any public road," etc. Obviously such was not the intention of the lawmakers. The words "along and across" must have been used in the statute in their ordinary sense. Webster's definition of the word "along" is: "By the length; in a line with the length; lengthwise; * * * by the length of, as distinguished from across." And of the word "across": "From side to side, or in a direction opposed to the length." Coming to the object of the Legislature in the enactment of the statute, it seems clear that the lawmakers had in view the protection of the lives of persons in, or traveling on, the public highways, against missiles discharged from firearms; and, this being true, it must follow that the words "along and across" relate to the direction in which the gun is fired, and not to the position of the person firing it. The discharge of a gun by a person standing five feet from the margin of a public highway, in a line directly away from the highway, obviously does not fall within the mischief sought to be guarded against.

It might be said that the Legislature also had in contemplation the frightening of horses by the discharge of firearms; but this can be read into the statute only by implication. At any rate, the case here presented cannot be brought within the terms of the act by any fair and reasonable interpretation of the words of the statute. Our conclusion is that the court erred in giving the charge requested by the state and refusing that requested by the defendant.

The judgment of the lower court will be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.