60 So.2d 202

### FULLER v. STATE.

### 6 Div. 351.

Supreme Court of Alabama.

May 15, 1952.

Rehearing Denied June 26, 1952.

Frederick V. Wells, Birmingham, for petitioner.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., opposed.

504

BROWN, Justice.

The petitioner was convicted on a trial in the circuit court of forgery in the second degree and was sentenced for a term of ten years in the penitentiary as punishment for the offense. On his appeal to the Court of Appeals the judgment was affirmed. Thereupon he filed petition for writ of certiorari in this court to review the opinion and judgment of the Court of Appeals. Certiorari was granted and the matter of review was submitted on brief without oral argument.

The indictment consists of a single count and charges the forgery of a sale ticket or memorandum, which is set out in the indictment in *haec verba*, without the averment of extrinsic facts, showing that it is within the scope of the statute and the subject of forgery,—"disclosing its capacity to deceive and defraud." Rembert **v.** State, 53 Ala. 467, 469, 25 Am.Rep. 639.

The contention of the petitioner is that the said sale ticket, which does not on its face purport to be signed and which is undated, does not disclose with whom the transaction referred to was had, nor when, nor where. If the said sale ticket is the subject of forgery at all, it is contended, it is forgery in the third degree, the offense denounced by § 205, Title 14, Code of 1940, which is a misdemeanor and not within the scope of the indictment.

The defendant did not challenge the insufficiency of the averments of the indictment by demurrer, but on motion for new trial challenged its failure to show by the averments of extrinsic facts that said writing was within the scope of the statute upon which it rests. Code of 1940, Title 14, §.200.

As pointed out by the Court of Appeals, the appellant, petitioner here, relies on our decisions holding that where the indictment has but a single count and its. averments are not sufficient to show that the act charged constitutes a violation of the law, a judgment rested thereon should not be sustained, though no objection was made thereto by the defendant on the trial. Allen v. State, 241 Ala. 137, 2 So.2d 321; Jinright **v.** State, 220 Ala. 268, 125 So. 606.

The cited cases are differentiated from cases where the indictment contains good counts or good alternative averments, showing that the act or acts charged constitute a violation of the law, upon which the judgment of conviction may be rested. As observed in Hornsby's case, "To sustain a judgment of conviction, there must be a good count in the indictment, or if. there is but one count, containing charges in the alternative, there must be one or more good and sufficient averments. * *" Hornsby v. State, 94 Ala. 55, 10 So. 522, 525. Ex parte State (State v. Collins), 200 Ala. 503, 76 So. 445; Jackson v. State, 236 Ala. 75, 182 So. 83.

The Court of Appeals in holding the indictment sufficient to sustain the judgment of conviction grounds its opinion on the italicized alternative following the words, "or any warehouse receipt, or receipt for the payment of money, *or any instrument or writing, being or purporting to be the act of another*; * * *." [Italics supplied.] The opinion states:

"We are unable to find any case from our jurisdiction in which a sales slip of the kind in question formed the basis of a prosecution for forgery. Our view that the instant indictment is sufficient is aided by authorities which have reviewed instruments somewhat analogous in character.

"In Jones v. State, supra, 50 Ala. 161, the Supreme Court held that a forged written order or request for money, purporting to be addressed by a son to his father, is an instrument which is subject to forgery.

"The same view was taken of an application for insurance in Dudley v. State, 10 Ala.App. 130, 64 So. 534.

"To the same effect was the holding in Smith v. State, 22 Ala.App. 590, 118 So. 594, in reviewing an. alleged forged release to right or interest to property.

"An examination of 37 C.J.S., Forgery, § 36, p. 55, will disclose a long list of instruments or writing which have been held by the various courts to constitute subjects of forgery.

"In the case of People v. Wilson, 139 Cal.App. 139, 33 P.2d 476, the California Appellate Court held that a sales slip of the kind and character of the one of instant concern was subject to forgery under the applicable statute.

"It is true the opinion does not set out the indictment and it is not there made certain that no extrinsic facts were added. We think, however, that the tenor of the reasoning of the court is to the effect that the averment of extrinsic facts was not required to make the indictment sufficient.

"We find also that the California statute relating to forgery is more specific than our statute. However, specifically sales slips are not included in the catalogue of the kinds of instruments.

"Our statute stipulates in general terms 'or any instrument or writing, being or purporting to be the act of another * * *.'" [Parenthesis supplied.]

 This interpretation clearly overlooks or ignores the following well settled rule for guidance in the interpretation of penal statutes:

" * * * 'A penal statute cannot be extended by implication or construction to cases within the mischief, if they are not at the same time within the terms of the act, fairly and reasonably interpreted.' Bishop on Statutory Crimes, § 190e; Huffman's Case [Huffman v. State], 29 Ala. 40; Young's Case [Young v. State], 58 Ala. 358. In the case last cited this court said: 'One who commits an act which does not come within the words of a penal statute, according to the general and popular understanding of them, when they are not used technically, is not to be punished thereby merely because the act contravenes

the policy of the statute.' Again, such statutes are to reach no further in meaning than their words. People [ex rel. Johnson] v. Peacock, 98 Ill. 172. 'No person is to be made subject to them by implication, and all doubts concerning their interpretation are to predominate in favor of the accused. Only those transactions are covered by them which are within both their spirit and their letter, reasonably interpreted.' Bishop on Statutory Crimes, § 194; Cearfoss' Case [Cearfoss v. State], 42 Md. 403." Scott v. State, 152 Ala. 63, 64, 44 So. 544.

A comparison of §§ 200, 201, 202, 203 and 204, Title 14, Code of 1940, shows a legislative purpose to make the subjects of forgery in the second degree specific and certain and not leave them open to be extended by "implication or construction to cases within the mischief, if they are not at the same time within the terms of the act, fairly and reasonably interpreted." 152 Ala. at page 64, 44 So. at page 544. " 'One who commits an act which does not come within the words of a penal statute, according to the general and popular understanding of them, when they are not used technically, is not to be punished thereby merely because the act contravenes the policy of the statute.' * * *" Young's Case, 58 Ala. 358.

The writing upon which the indictment and judgment of conviction is based is not complete on its face. It is undated and does not show who was dealing with whom. Shelton v. State, 143 Ala. 98, 39 So. 377 is inapposite. The instrument alleged to be forged in that case was a promissory note. The writing alleged to have been forged in Jones v. State, 50 Ala. 161, was a written order purporting to be signed by a son addressed to his father requesting that the father send him $5 in money. The instrument involved in Dudley v. State, 10 Ala.App. 130, 64 So. 534, 535, on its face purported to be a formal application of "James Walker Bryant to the New York Life Insurance Company for insurance on his life in the sum of $10,000, to be made payable to one of the defendants, who was stated in the applica-

tion to be a friend and business associate of the applicant."

In the case of People v. Wilson, 139 Cal.App. 139, 33 P.2d 476, the indictment embodying the writing alleged to have been forged is not set out nor was its sufficiency questioned. The opinion of the court dealt with the sufficiency of the evidence to sustain the charge. Moreover the California statute enumerating the instruments included in the subject of forgery are much broader and more inclusive than our statutes, as the opinion of the Court of Appeals states. Amongst the instruments in writing made the subject of forgery in the Penal Code of California 1949, § 470 are "request for * * * or the delivery of goods or chattels of any kind, * * *."

In Rembert v. State, 53 Ala. 467, 25 Am.Rep. 639, "The appellant was tried and convicted on an indictment which charges that he, 'with intent to defraud,' forged an instrument in writing, in words and figures, as follows: 'Due 8.25. Askew Brothers,' meaning thereby that there was due the bearer of said instrument, from said Askew Brothers, a firm composed of Samuel H. Askew and Warren S. Askew, the sum of eight dollars and twenty-five cents." The sufficiency of said indictment was challenged by demurrer on numerous grounds and the demurrer was overruled. On appeal, upholding the sufficiency of the indictment, this Court, Brickell, C. J., writing, stated:

"This general rule, that if the instrument is void on its face, it is not the subject of forgery, must be taken with this limitation: When the instrument does not appear to have any legal validity, or show that another might be injured by it, but extrinsic facts exist by which the holder of the paper might be enabled to defraud another, then the offense is complete, and an indictment averring the extrinsic facts, disclosing its capacity to deceive and defraud, will be supported. State v. Briggs, 34 Vt. [501], 503. The fact that the paper is incomplete or imperfect in itself, and that without the knowledge of extrinsic facts it does not appear that it has the vicious capacity, only renders it necessary that the indictment should aver the extrinsic facts. In all indictments for forgery at common law, it was necessary to set out the instrument, so that it would judicially appear to the court that it was the subject of forgery. When the instrument is complete, perfect, and not void on its face; and when it is spoken of as void, is intended illegal in its very frame, or innocuous from its character, as in the case of the will not properly attested, or the void bill of exchange, or the certificate worthless as evidence, or the deed void because of the incapacity of the grantor, its criminal character was disclosed to the court. When the instrument is imperfect, incomplete, and its real meaning and terms are not intelligible from its words and figures, but are to be derived from extrinsic facts, and its capacity to injure is dependent on such facts, then, when such facts are averred, and the instrument, its meaning and purport, made intelligible to the court, it appears judicially, with as much certainty as if the extrinsic facts were on the face of the instrument, and that set out in haec verba, whether it has the vicious capacity, and is the subject of forgery. Carberry v. State, 11 Ohio St. [410], 411; Commonwealth v. Ray, 3 Gray [441], 448; State v. Wheeler, 19 Minn. 98 [Gil. 70] (S.C. 1 Green's Crim.R. 541); People v. Shall, 9 Cow. 778; People v. Harrison, 8 Barb. 560; Reed v. State, 28 Ind. 396; Commonwealth v. Hinds, 101 Mass. [209], 211; People v. Stearns, 21 Wend. [409], 413. * *"

In the case under consideration, we do not deem the indictment sufficient to show the forgery without the averment of extrinsic facts going to show that it had such apparent validity as that it could be so used as to accomplish a fraud. Consequently the indictment does not support the judgment of conviction. It results that the judgment of the Court of Appeals must

be reversed. Let the defendant remain in custody until he is lawfully discharged.

Reversed and remanded.

All the Justices concur except SIMPSON, J., who dissents.