710 So.2d 507 (1997)
J.S.H.
v.
STATE.
CR-96-0286.
Court of Criminal Appeals of Alabama.
August 22, 1997.
Mark Ritter, Florence, for appellant.
Bill Pryor, atty. gen., and Thomas F. Parker IV, asst. atty. gen., for appellee.
BASCHAB, Judge.
This is an appeal from an adjudication of delinquency for driving under the influence of alcohol. See § 32-5A-191, Ala.Code 1975. As a result of the adjudication, the appellant's driver's license was revoked for one year, he was fined $1000, and he was sentenced to twenty days of community service.
On July 5, 1996, the appellant was arrested and charged under § 32-5A-191(a)(2), Ala. Code 1975, with driving under the influence of alcohol. The appellant was seventeen years old at the time of the offense. The *508 appellant's alcohol level when he was arrested was 0.08 percent. On October 18, 1996, the State amended its complaint to include an alternative charge under § 32-5A-191(a)(1). This is the charge on which the appellant was ultimately adjudicated delinquent. This was also the appellant's second offense within five years.
The appellant claims that § 32-5A-191(a)(1), under which he was adjudicated delinquent, does not apply to minors. The appellant also claims that he cannot be sentenced as an adult under subsection (b) of § 32-5A-191 because he was adjudicated delinquent as a minor under subsection (a) of § 32-5A-191.

I
The appellant argues that the enactment of § 32-5A-191(b) supersedes § 32-5A-191(a) where the offender is under the age of twenty-one. The appellant reasons that if the legislature had not intended that subsection (b) supersede subsection (a) in its application to underage defendants, it would have limited the application of subsection (b) to underage defendants whose blood alcohol level was at least 0.02 percent but less than 0.08 percent. The appellant provides no authority for this position. Section 32-5A-191(b), Ala.Code 1975, provides:
"A person who is under the age of 21 years shall not drive or be in actual physical control of any vehicle if there is .02 percentage or more by weight of alcohol in his or her blood. The Department of Public Safety shall suspend or revoke the driver's license of any person, including, but not limited to, a juvenile, child, or youthful offender, convicted or adjudicated of, or subjected to a finding of delinquency based on this subsection. Notwithstanding the foregoing, upon the first violation of this subsection by a person whose blood alcohol is between .02 and .08, the person's driver's license or driving privilege shall be suspended for a period of 30 days in lieu of any penalties provided in subsection (e) of this section and there shall be no disclosure, other than to courts and law enforcement agencies, by any entity or person of any information, documents, or records relating to the person's arrest, conviction, or adjudication of or finding of delinquency based on this subsection.
"All persons, except as otherwise provided in this subsection for a first offense, including, but not limited to, a juvenile, child, or youthful offender, convicted or adjudicated of, or subjected to a finding of delinquency based on this subsection shall be fined pursuant to this section, notwithstanding any other law to the contrary."

(Emphasis added.) The subsection under which the appellant was adjudicated delinquent, § 32-5A-191(a), Ala.Code 1975, provides:
"A person shall not drive or be in actual physical control of any vehicle while:
"(1) There is 0.08 percent or more by weight of alcohol in his or her blood."
The primary goal in statutory construction is to ascertain and effectuate the intent of the legislature as expressed in the statute. To accomplish this task, the reviewing court must consider the statute as a whole, the reasons and necessity for the statute, and the public purpose behind the enactment of the statute. Kirkland v. State, 529 So.2d 1036 (Ala.Cr.App.1988). "While it is true that penal statutes must be strictly construed, the construction should not defeat the obvious intent of the legislature, or destroy the spirit and force of the law the legislature intended to enact." Mayberry v. State, 419 So.2d 262, 265 (Ala.Cr.App.1982). Section 32-5A-191(b) reduces the minimal alcohol percentage for driving under the influence from 0.08, the level proscribed in § 32-5A-191(a) to 0.02 when the individual is under the age of twenty-one. Thus, while persons twenty-one years old and older with a blood alcohol level between 0.02 percent and 0.08 percent would not violate § 32-5A-191(b), a similarly situated person under the age of twenty-one would violate § 32-5A-191(b). Reducing the blood alcohol level to 0.02 percent in the case of defendants under the age of twenty-one is clearly related to the purposes of § 28-1-5, Ala.Code 1975, which prohibits persons under twenty-one from consuming any amount of alcohol. The obvious purpose of § 32-5A-191(b) is to address underage drivers whose blood alcohol is at a *509 level not covered by the prior statute. Here, however, a seventeen-year-old driver with a blood alcohol level of 0.08 percent would have violated § 32-5A-191(a) even without the enactment of § 32-5A-191(b). Thus, the importance of addressing those cases of underage drinkers who consume any amount of alcohol is less significant in this case, where the appellant's blood alcohol level was 0.08 percent.
The intent of the legislature in enacting § 32-5A-191 is to prohibit individuals from driving while intoxicated. The two subsections of § 32-5A-191 are merely alternative methods of proving the same offense. Sisson v. State, 528 So.2d 1159 (Ala.1988). Thus, a construction of this statute that encourages a reversal of this adjudication of delinquency, simply because the appellant was charged under § 32-5A-191(a) as opposed to § 32-5A-191(b), would undermine the purposes behind the DUI statute in deterring driving while intoxicated. Such a strict construction would "defeat the obvious intent of the legislature." Mayberry v. State, 419 So.2d 262, 265 (Ala.Cr.App.1982).
Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952); Abernethy v. State, 545 So.2d 185 (Ala.Cr. App.1989). There is nothing in the express language of § 32-5A-191 or in any precedent that supports the position that persons under the age of twenty-one shall be addressed exclusively § 32-5A-191(b), Ala.Code 1975. What is clear from the express language of § 32-5A-191 is that several avenues are available to the State regarding the prosecution of intoxicated drivers, and the State is free to elect to proceed under § 32-5A-191(a), Ala.Code 1975. Therefore, the appellant's conviction is affirmed.

II
The appellant claims that the $1000 fine ordered by the trial court as a part of his sentence exceeds the statutory limit. The appellant argues that, because he was adjudicated delinquent under § 32-5A-191(a), he could not be sentenced as an adult under § 32-5A-191(b). We agree.
The juvenile court exercises exclusive original jurisdiction of juvenile proceedings, including the dispositions of those persons adjudicated delinquent. § 12-15-30, Ala.Code 1975. Section 12-15-71(c) of the Juvenile Justice Act states in relevant part:
"If a child is found to be delinquent ... the court may make any of the following orders or dispositions for the child's supervision, care, and rehabilitation:
"(4) Make any other order as the court in its discretion shall deem to be for the welfare and best interests of the child, including ... assessment of fines not to exceed $250 ..."
(Emphasis added.) A delinquent act is defined in § 12-15-1, Ala.Code 1975 as,
"An act committed by a child that is designated a violation, misdemeanor or felony under the law of this state or of another state ... Provided, that the term shall not include traffic offenses committed by one 16 years of age or older, other than those charged pursuant to Section 32-5A-191 or a municipal ordinance prohibiting the same conduct."
In this case, the appellant, a seventeen-year-old minor, was adjudicated delinquent for driving under the influence of alcohol. Before the enactment of § 32-5A-191(b) in 1996, any minor adjudicated delinquent because of a violation of any portion of § 32-5A-191 was sentenced as a juvenile pursuant to the Alabama Juvenile Justice Act, and the fine was limited to $250. The language of § 32-5A-191(b) expressly creates a limited exception to the exclusive jurisdiction of the Juvenile Justice Act by directing that juveniles who are convicted or adjudicated delinquent for this offense more than once be sentenced as an adult. However, the appellant was not adjudicated delinquent for violating § 32-5A-191(b). Rather, he was adjudicated delinquent for violating § 32-5A-191(a). Therefore, this limited exception to the sentencing jurisdiction of the Alabama Juvenile Justice Act is not applicable. The appellant must be sentenced in accordance with the Juvenile Justice Act, which permits a fine not to exceed $250.
For the foregoing reasons, we affirm the adjudication of delinquency and remand this *510 cause for the trial court to impose a fine within the minimum and maximum range, as set forth in § 12-15-71, Ala.Code 1975. Due return shall be filed with this court no later than 42 days from the date of this opinion.
AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.[*]
All judges concur.
NOTES
[*] Note from the reporter of decisions: On December 19, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.