I respectfully dissent from the decision to affirm the judgment of the Court of Criminal Appeals in its affirmance of Washington's conviction for trafficking in cocaine. We should reverse this particular conviction and remand this case for a retrial on this particular charge with an appropriate jury instruction on the essential elements of trafficking in cocaine.
The trial judge erred in refusing the defendant's requested jury instruction as follows:
 "In order to convict the Defendant of Trafficking in cocaine, not only must the State prove that he knowingly possessed the controlled substance, the State must also prove beyond a reasonable doubt that the Defendant knew that the amount of cocaine exceeded 28 grams."
While the Court of Criminal Appeals held that "[t]he State is not required to prove that the defendant knew that the amount he possessed weighed more than 28 grams," Washington v. State, 818 So.2d 411, 422
(Ala.Crim.App. 2000), this holding directly conflicts with the text of the statute itself, § 13A-12-231(2), Ala. Code 1975, which reads:
 "Any person who knowingly sells, manufactures, delivers or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as `trafficking in cocaine.'" (Emphasis added.)
This statute expressly applies the element of knowledge to "28 grams or more of cocaine." The text of the statute is at least as positive in applying the mental state of knowledge to the quantity of cocaine as the text is in applying that same mental state to the identity of the cocaine. Indeed, a normal reading of the statute, from top to bottom and from left to right without skipping any words, relates knowingly to 28grams or more even before cocaine. The language of the statute does not contain any vagueness, ambiguity, or uncertainty that would permit a construction disassociating the culpable mental state of knowledge from the quantity element of "28 grams or more."
In applying statutes, this Court has said:
 "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean *Page 428 
 exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346 (Ala. 1992) (emphasis added). We have also said:
 "A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala. App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
 "Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202
(1952).
 "One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing Young's Case, 58 Ala. 358 (1877).
 "No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra."
Clements v. State, 370 So.2d 723, 725 (Ala. 1979) (quoted in whole or in part in Murry v. State, 455 So.2d 72, 76 (Ala. 1984), and in Walls v.State, 711 So.2d 490, 494 (Ala. 1997)) (emphasis added).
 "`Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used. . . .' United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936). See also, Ex parte Evers, 434 So.2d 813, 816 (Ala. 1983); Fuller v. State, 257 Ala. 502, 60 So.2d 202, 205 (1952)."
Ex parte Jackson, 614 So.2d 405, 406 (Ala. 1993) (emphasis added). "[T]hefundamental rule [is] that criminal statutes are construed strictlyagainst the State. See Ex parte Jackson, 614 So.2d 405 (Ala. 1993)." Exparte Hyde, 778 So.2d 237, 239 n. 2 (Ala. 2000) (emphasis added). The United States Supreme Court has stated:
 "[I]f after considering traditional interpretive factors, we were left genuinely uncertain as to Congress' intent in this regard, we would assume a preference for traditional jury determination of so important a factual matter. Cf. Staples v. United States, 511 U.S. 600, 619, n. 17, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) (rule of lenity requires that `ambiguous criminal statute[s] . . . be construed in favor of the accused'); United States v. Granderson, 511 U.S. 39, 54, 114 S.Ct. 1259, 127 L.Ed.2d 611
(1994) (similar); United States v. Bass, 404 U.S. 336, 347, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (same)."
Castillo v. United States, 530 U.S. 120, 131 (2000) (emphasis added).
Moreover, the Alabama Legislature enacted § 13A-2-4, Ala. Code 1975, to ensure that all criminal statutes would be interpreted to require an appropriate mental state to convict and would not be interpreted to allow strict liability as a basis for conviction. Section13A-2-4 provides, in pertinent part:
 "(a) When a statute defining an offense prescribes as an element thereof a specified culpable mental state, such mental state is presumed to apply to every element of the offense unless the context thereof indicates to the contrary. *Page 429 
 "(b) Although no culpable mental state is expressly designated in a statute defining an offense, an appropriate culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, states a crime of mental culpability."
(Emphasis added.) The Commentary to that statute observes:
 "Subsection (b) explicitly states a policy adverse to arbitrary use of `strict liability' concepts. An express statement is required in the statute defining the offense if strict liability is being imposed."
The Alabama Legislature has enacted several criminal statutes punishing, separately, unlawful possession of a controlled substance, unlawful distribution of a controlled substance, and trafficking in a controlled substance. Section 13A-12-212(a), Ala. Code 1975, provides that "[a] person commits the crime of unlawful possession of controlled substance if . . . he possess a controlled substance enumerated in Schedules I through V," which includes cocaine as a controlled substance. "Unlawful possession of a controlled substance is a Class Cfelony." § 13A-12-212(b). (Emphasis added.) Section 13A-12-211(a), provides that "[a] person commits the crime of unlawful distribution of controlled substances if . . . he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in Schedules I through V." "Unlawful distribution of controlled substances is a Class B felony." § 13A-12-211(b). (Emphasis added.) As already stated, § 13A-12-231(2) provides that "[a]ny person whoknowingly sells, manufactures, delivers or brings into this state, or whois knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine," is guilty of trafficking in cocaine. (Emphasis added.) Trafficking in cocaine is a Class Afelony. § 13A-12-231(12).
The physical element that differentiates the Class A felony of trafficking in cocaine from the Class B felony of unlawful distribution of cocaine and the Class C felony of unlawful possession of cocaine is the quantity of "28 grams or more" in the trafficking statute. Any construction of the trafficking statute that fails to apply the culpable mental state, knowledge, to this quantity element, subjects the defendant to strict liability for the difference between the Class A felony of trafficking on the one hand and the Class B felony of distribution and the Class C felony of possession on the other hand. This strict liability, forbidden by 13A-2-4, in turn subjects the defendant not only to the greater punishment entailed strictly by the Class A classification of trafficking but also to the more drastic consequences of the Habitual Felony Offender Act if it is applicable to the particular defendant.
In Calhoun v. State, 460 So.2d 269 (Ala.Crim.App. 1984), the Court of Criminal Appeals held § 20-2-80 (the similarly written predecessor to the current drug trafficking statute, § 13A-12-231) to require the State to prove that the accused had knowledge of both the presence andthe quantity of the controlled substance to be convicted of drug trafficking.
 "Calhoun argues that the State failed to prove that he knew he was in actual or constructive possession of more than 2.2 pounds of marijuana.
 "Knowledge by the accused of the presence of the controlled substance is an essential element and prerequisite to *Page 430 
 conviction for the offense of trafficking. Alabama Code 20-2-80 (1975). Section 20-2-80 (1975) states, in pertinent part, that `[a]ny person . . . who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as "trafficking in cannabis."' Hence, under our trafficking statute, the State must prove that the accused knew he was in possession of more than one kilo of marijuana. That knowledge will almost always be proven by circumstantial evidence. `[G]uilty knowledge may be established by circumstantial evidence.' Knowledge of the presence and the quantity
of the controlled substance may properly be inferred from the possession of the substance by the accused."
Calhoun, 460 So.2d at 270. (Citations omitted; some emphasis in original; some emphasis added.)
In the subsequent cases of Harris v. State, [Ms. CR-99-1439, August 25, 2000] ___ So.2d ___ (Ala.Crim.App. 2000); Lester v. State,725 So.2d 1075 (Ala.Crim.App. 1997); and Insley v. State, 591 So.2d 589
(Ala.Crim.App. 1991), as well as in the opinion of the Court of Criminal Appeals now before us, that court has ignored its own well-reasoned precedent of Calhoun and has adopted the contrary rule that knowledge of the quantity of drugs is not an essential element of the offense of drug trafficking. This construction of the drug trafficking statute ignores the plain language of the statute and violates long-standing principles of statutory construction.
I am aware that courts in several other jurisdictions have held that similar statutes do not require knowledge of the quantity. See, e.g., Wayv. State, 475 So.2d 239, 241 (Fla. 1985); Robertson v. State,596 A.2d 1345, 1355 (Del. 1991); Cleveland v. State, 218 Ga. App. 661,663, 463 S.E.2d 36, 38 (1995); State v. Raffaldt, 318 S.C. 110, 117,456 S.E.2d 390, 394 (1995); and Commonwealth v. Rodriquez, 415 Mass. 447,453, 614 N.E.2d 649, 653 (1993). But see People v. Ryan, 82 N.Y.2d 497,626 N.E.2d 51, 605 N.Y.S.2d 235 (1993), which, faithful to the text of a like statute, holds that it does require knowledge of the quantity. In any event, however, we should not be relying on cases from other jurisdictions to construe our trafficking statute. Because "the language of the statute is unambiguous, . . . there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." IMED Corp., 602 So.2d at 346.
Most of the Justices on this Court claim to follow principles of strict construction. If principles of strict construction are followed only when they favor the prosecution, however, they are neither principles nor strict.
On the one hand, the requested jury instruction is imperfect in that it would require proof that the "Defendant knew the amount of cocaineexceeded 28 grams" (emphasis added), when the instruction should require proof only that the Defendant knew the amount of cocaine equaled orexceeded 28 grams. On the other hand, the defendant's imperfect requested instruction quickened the trial judge's duty to formulate an appropriate one, see Craig v. State, 526 So.2d 644 (Ala.Crim.App. 1988), in this case simply by inserting the words equaled or immediately before the wordexceeded. I respectfully submit that we should not affirm the judgment of the Court of Criminal Appeals but should reverse this conviction and remand this case for a retrial with an appropriate jury instruction to the effect that the defendant's knowledge that the quantity of cocaine was *Page 431 
28 grams or more is essential to a conviction.
Lyons, J., concurs.
 *Page 665