193 N.J. Super. 583 (1984)
475 A.2d 616
CITY OF ATLANTIC CITY, PLAINTIFF-APPELLANT,
v.
COUNTY OF ATLANTIC, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1984.
Decided February 3, 1984.
*584 Before Judges MICHELS, KING and DREIER.
Nathan P. Wolf argued the cause for appellant (Skoloff & Wolfe, attorneys; Saul A. Wolfe, of counsel).
Salvatore Perillo, County Counsel, argued the cause for respondent.
The opinion of the court was delivered by KING, J.A.D.
Plaintiff City of Atlantic City appeals from a Tax Court judgment dismissing its complaint against the County of Atlantic. The City argues that N.J.S.A. 54:4-3.3, which provides a tax exemption where property is "used for public purposes," does not apply here because the property it would subject to taxation was only partially used for "a public purpose." The record discloses that 53% of the property owned by the County in 1981 was leased to the County College for educational purposes; 47% was temporarily subleased to the electric company, concededly not a public purpose. The County contends that this temporary private use was merely incidental to the public *585 purpose and should not preclude a total exemption under N.J.S.A. 54:4-3.3, since the utility's was a one-year phase-out lease.
We disagree with both parties and with the decision by the Tax Court that the entire property was exempt "from local property tax for 1981." We conclude that N.J.S.A. 54:4-3.6 is applicable and that this is not an "all or nothing" situation. The precise language of this statute, as amended by L. 1977, c. 370, § 1, fits the situation and unquestionably resolves the parties' dispute in a just fashion.
The statute was amended in 1977 to recognize current realities in the use of public property; it stated in pertinent part
The following property shall be exempt from taxation under this chapter: All buildings actually used for colleges, schools, academies or seminaries, provided that if any portion of such buildings are leased to profit-making organizations or otherwise used for purposes which are not themselves exempt from taxation, said portion shall be subject to taxation and the remaining portion only shall be exempt;
* * * * * * * *
... The foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purposes on account of which the exemption is claimed or where an educational institution, as provided herein, has leased said property to a historical society, or association or to a corporation organized for such purposes and created under or otherwise subject to the provisions of Title 15 of the Revised Statutes. [Ibid.]
We do not believe the fact that the property was leased to the County College, rather than held by it in fee, should negate the partial tax relief obviously intended by the Legislature in these situations. The property was "used" in part for the college; a portion was temporarily "leased to a profit-making organization," the electric company; the party claiming the exemption, the County, "own[ed]" the property and was "incorporated ... under the laws of this State," N.J.S.A. 40:41A-25 (incorporation of county), and was "... authorized to carry out the purposes on account of which the exemption is claimed....," N.J.S.A. 18A:64A-3 (freeholder board may create a county college); see also N.J.S.A. 18A:64A-12(1) (college's board of trustees may *586 lease property "necessary or desirable for college purposes"); N.J.S.A. 18A:64A-14 (county may lease its property to a county college).
We reject appellant's argument that the title of N.J.S.A. 54:4-3.6  "Exemption of property of nonprofit organizations"  compels a different result. The exempt portion of the property was used by a nonprofit organization. Thus, our construction does no violence to the plain language of the statute. The rule is "well-established" that "the title cannot control the plain words of the statute." 2A Sutherland, Statutory Construction, § 47.03 at 73 (4th ed. 1973); Swede v. City of Clifton, 39 N.J. Super. 366, 377-378 (App.Div. 1956) (Goldmann, J.A.D.).
Reversed and remanded for assessment of taxes consistent with this opinion.