261 N.J. Super. 602 (1993)
619 A.2d 647
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEONARD THOMAS BZURA, II, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 10, 1992.
Decided January 27, 1993.
*606 Before Judges ANTELL, DREIER and SKILLMAN.
Zulima V. Farber, Public Defender, attorney for appellant (Lowell Espey, Designated Counsel, of counsel and on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Craig V. Zwillman, Deputy Attorney General, of counsel and on the brief).
Leonard Thomas Bzura, II, appellant, submitted a pro se supplemental brief.
The opinion of the court was delivered by SKILLMAN, J.A.D.
Defendant was indicted for theft by deception, contrary to N.J.S.A. 2C:20-4; theft by failure to make required disposition of property received, contrary to N.J.S.A. 2C:20-9; misapplication of entrusted property, contrary to N.J.S.A. 2C:21-15; perjury, contrary to N.J.S.A. 2C:28-1; and false swearing, contrary to N.J.S.A. 2C:28-2a. During trial, the court dismissed the perjury charge and amended the false swearing charge to allege that the statutory provision violated by defendant was N.J.S.A. 2C:28-2c. A jury found defendant guilty of the remaining charges. The court merged defendant's convictions for theft by failure to make required disposition of property received and misapplication of entrusted property into his conviction for theft by deception and sentenced him to a three year term of imprisonment. In addition, the court ordered defendant to make restitution of $7,637.50 to the victim of the theft. The court also imposed a concurrent nine month term of imprisonment on defendant's conviction for false swearing.
Defendant was a member of the bar of this State. His convictions for theft and misapplication of entrusted property *607 were based on the receipt of money from a client for legal services which were never performed and for an expert witness's fee and other litigation expenses which were not actually incurred. The client paid this money in connection with defendant's purported representation in a lawsuit brought by E.I. DuPont DeNemours and Company, Inc. Defendant's conviction for false swearing was based on his alleged knowingly inconsistent statements in testimony he gave before a Union County grand jury and in a certification he executed in connection with the DuPont litigation.
On appeal, the Public Defender has filed a brief on defendant's behalf which makes the following arguments:
I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S PRETRIAL MOTION TO SEVER THE COUNTS CHARGING PERJURY AND FALSE SWEARING.
II. THE TRIAL COURT COMMITTED PLAIN ERROR BY PROVIDING THE JURY WITH A VAGUE, AMBIGUOUS DEFINITION OF THE TERM "FIDUCIARY" (Not Raised Below).
III. THE TRIAL COURT VIOLATED DEFENDANT'S RIGHT TO TRIAL BY JURY IN PERMITTING A GUILTY VERDICT BY A JURY THAT DID NOT UNANIMOUSLY AGREE UPON THE FALSITY OF THE STATEMENTS IN ISSUE (Not Raised Below).
IV. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO INSTRUCT THE JURY ON THE STATUTORY DEFENSE OF CLAIM OF RIGHT (Not Raised Below).
V. THE PROSECUTOR IMPROPERLY ATTACKED DEFENDANT'S TESTIMONY ON CROSS-EXAMINATION WITH QUESTIONS CONCERNING HIS FAILURE TO VOLUNTARILY PROVIDE RECORDS TO INVESTIGATORS (Not Raised Below).
*608 VI. THE PROSECUTOR WAS IMPROPERLY PERMITTED TO CROSS-EXAMINE DEFENDANT WITH DOCUMENTS NOT SUPPLIED IN DISCOVERY.
In addition, defendant pro se has filed a supplemental brief which makes the following argument:
BY NOT CHARGING THE JURY AS TO THE CLAIM OF RIGHT DEFENSE, THE COURT BELOW EFFECTIVELY RELEASED THE PROSECUTION FROM ITS BURDEN OF PROOF, THEREBY DENYING THE DEFENDANT ESSENTIAL CONSTITUTIONAL RIGHTS.
We conclude that the trial court's instructions regarding false swearing improperly permitted the jury to return a non-unanimous verdict. Therefore, defendant's conviction for false swearing must be reversed. Defendant's other arguments are clearly without merit. R. 2:11-3(e)(2). Accordingly, we affirm defendant's conviction for theft by deception.

I
The New Jersey Constitution "presupposes a requirement of a unanimous jury verdict in criminal cases." State v. Parker, 124 N.J. 628, 633, 592 A.2d 228 (1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1483, 117 L.Ed.2d 625 (1992). However, the scope of the unanimity requirement is sometimes unclear. See State v. Parker, supra, 124 N.J. at 633-37, 592 A.2d 228; James J. McClure, Schad v. Arizona: Diminishing the Need for Verdict Specificity, 70 N.C.L.Rev. 936 (1992); Comment, Right to Jury Unanimity on Material Fact Issues: United States v. Gipson, 91 Harv.L.Rev. 499 (1977). On the one hand, it has been broadly stated that "[t]he unanimity rule ... requires jurors to be in substantial agreement as to just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged." United States v. Gipson, 553 F.2d 453, 457-58 (5th Cir.1977). On the other hand, it has been stated that "[p]lainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict." Schad v. Arizona, 501 U.S. ___, ___, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555, 565 *609 (1991) (Souter, J., plurality opinion) (quoting McKoy v. North Carolina, 494 U.S. 433, 449, 110 S.Ct. 1227, 1236-37, 108 L.Ed.2d 369, 385 (1990) (Blackman, J., concurring)).
One test used to determine whether a jury verdict is unanimous when a defendant is alleged to have committed separate acts, any one of which could constitute the offense charged, is whether those acts are "conceptually distinct." See United States v. Gipson, supra, 553 F.2d at 458; State v. Parker, supra, 124 N.J. at 646, 592 A.2d 228 (Pollock, J., dissenting). Another test is whether a statute recognizes that a single offense may be committed by different means and those means are not "so disparate as to exemplify two inherently different offenses." Schad v. Arizona, supra, 501 U.S. at ___, 111 S.Ct. at 2503, 115 L.Ed.2d at 572 (Souter, J., plurality opinion); see also State v. Parker, supra, 124 N.J. at 634-35, 592 A.2d 228. In applying the latter test, "historical and contemporary acceptance of [a state's] definition of the offense and verdict practice is a strong indication that they do not [offend Due Process]." Schad v. Arizona, supra, 501 U.S. at ___, 111 S.Ct. at 2502, 115 L.Ed.2d at 572. Under either of these tests, the trial court's instructions regarding the charge of false swearing permitted the jury to return a non-unanimous verdict.
N.J.S.A. 2C:28-2 proscribes two forms of false swearing. N.J.S.A. 2C:28-2a provides:
A person who makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of such a statement previously made, when he does not believe the statement to be true, is guilty of a crime of the fourth degree.
N.J.S.A. 2C:28-2c provides:
Where the defendant made inconsistent statements under oath or equivalent affirmation, both having been made within the period of the statute of limitations, the prosecution may proceed by setting forth the inconsistent statements in a single count alleging in the alternative that one or the other was false and not believed by the defendant. In such case it shall not be necessary for the prosecution to prove which statement was false but only that one or the other was false and not believed by the defendant to be true.
*610 We construe N.J.S.A. 2C:28-2a and N.J.S.A. 2C:28-2c to define separate offenses with distinct elements. To establish a defendant's guilt under N.J.S.A. 2C:28-2a, the State must prove that a particular statement was false and not believed by the defendant to be true. The State is not required to prove that the statement to which a defendant has falsely sworn is inconsistent with any other statement made by the defendant. Indeed, the false statement may be the only statement ever made by the defendant on the subject. On the other hand, N.J.S.A. 2C:28-2c authorizes a false swearing conviction for mutually inconsistent statements, without proving which one was false. The reason for this provision is "to prevent acquittal of a defendant who had certainly perjured himself on one of two occasions merely because of uncertainty as to whether it was on one occasion or the other." Model Penal Code § 241.1 commentary at 135 (1980). The essential factual predicate for the "inconsistent statements" type of false swearing is the inconsistency. As long as the jurors unanimously agree that there is an inconsistency between defendant's statements, such that one or the other had to be false and not believed by the defendant to be true, the elements of the offense set forth in N.J.S.A. 2C:28-2c are satisfied. Consequently, it would be possible to convict where some jurors feel the first statement was false and others feel the second statement was false but all agree that one or the other statement was false and not believed by the defendant to be true. Model Penal Code § 241.1 commentary at 137 n. 112.
Our conclusion that N.J.S.A. 2C:28-2a and N.J.S.A. 2C:28-2c define separate offenses is supported by cases decided prior to enactment of the Code of Criminal Justice. Under pre-Code law, false swearing was proscribed by N.J.S.A. 2A:131-4. In addition, N.J.S.A. 2A:131-5 provided, in language somewhat similar to N.J.S.A. 2C:28-2c:
If a person has made contrary statements under oath, it shall not be necessary to allege in an indictment or allegation which statement is false but it *611 shall be sufficient to set forth the contradictory statements and allege in the alternative that one or the other is false.
Proof that both statements were made under oath duly administered is prima facie evidence that one or the other is false; and if the jury are satisfied from all the evidence beyond a reasonable doubt that one or the other is false and that such false statement was willful, whether made in a judicial proceeding or before a person authorized to administer an oath and acting within his authority, it shall be sufficient for a conviction.
In State v. Sullivan, 33 N.J. Super. 138, 144, 109 A.2d 430 (App.Div. 1954), we held that N.J.S.A. 2A:131-4 and N.J.S.A. 2A:131-5 proscribed separate offenses with distinct elements:
Defendant refers to N.J.S. 2A:131-5, which provides that, if a person has made contradictory statements under oath, it shall not be necessary to allege which statement is false but it shall be sufficient to set forth the contradictory statements and allege in the alternative that one or the other is false. The indictment does not proceed under that section. Rather it proceeds under what is now N.J.S. 2A:131-4 and charges that the testimony given at the second trial was knowingly false, and that, the State must prove.... The giving of the prior testimony is not a constituent event of the offense here charged.
In State v. Kowalczyk, 3 N.J. 51, 56, 68 A.2d 835 (1949), the court described in greater detail the distinctive nature of false swearing under the predecessor to N.J.S.A. 2C:28-2c:
The statute expressly relieved the state from the necessity of alleging, in the indictment, which of the contrary statements was false and provided that proof of the making of both such statements should be prima facie evidence that one or the other was false. Whichever was false and whichever was the truth, there was culpability if the jury were satisfied from all of the evidence beyond a reasonable doubt that one of them was false and that the false statement was willful.... The burden of proving guilt was, of course, upon the state, and a part of that burden was proving that the defendant had sworn falsely, but by the terms of the statute this part of the burden was carried if the proofs were sufficient to satisfy the jury beyond a reasonable doubt that one statement or the other was false.
Although the language of N.J.S.A. 2C:28-2a and N.J.S.A. 2C:28-2c was derived from the Model Penal Code rather than N.J.S.A. 2A:131-4, 5,[1] the provisions of the former 2A and *612 present 2C relating to false swearing are similar in concept. Therefore, we are satisfied that N.J.S.A. 2C:28-2a and N.J.S.A. 2C:28-2c proscribe separate forms of false swearing with distinct elements.
It follows that even under the restrictive "separate offenses" test of Schad v. Arizona, supra, N.J.S.A. 2C:28-2a and N.J.S.A. 2C:28-2c proscribe different offenses and that, at a minimum, all members of the jury must agree either that a defendant has violated N.J.S.A. 2C:28-2a, by making a specific false statement or set of statements, or that a defendant has violated N.J.S.A. 2C:28-2c, by making two inconsistent statements or sets of statements, one or the other of which was false and not believed by defendant to be true. Therefore, it would violate the requirement of jury unanimity if a guilty verdict were returned based on some members of the jury finding a violation of N.J.S.A. 2C:28-2a and other members finding a violation of N.J.S.A. 2C:28-2c. It also follows that an indictment should clearly state whether a defendant is being charged under N.J.S.A. 2C:28-2a or N.J.S.A. 2C:28-2c, and if he is being charged under both sections, those charges should be set forth in separate counts.
The indictment in this case alleged the form of false swearing proscribed by N.J.S.A. 2C:28-2c:
LEONARD T. BZURA, on divers[e] dates during September and October 1988, in the Borough of Somerville, County of Somerset, and in other municipalities within the jurisdiction of this Court, did state while under oath or equivalent affirmation in substance and in effect the following:
1. That shortly after December 1987 or January 1988, the defendant informed George Cannan that he, the defendant, would have difficulty representing George Cannan in the matter of E.I. DuPont DeNemours & Co., Inc. v. Environmental Materials Corp., because he, the defendant, was experiencing "difficulties connected with the setting up of new [law] offices;"

*613 2. That George Cannan did contact a new attorney and was led by this alleged attorney "to believe that an appropriate answer and counter claim were filed on [his] behalf."
3. That the defendant, "ascertained that due to an unexpected heart condition suffered by [George Cannan's] previously retained attorney, no answer was filed on [his] behalf," and that the failure to file an answer and counter claim in the matter of E.I. DuPont DeNemours & Co., Inc. v. Environmental Materials Corp. was "caused by the excusable neglect of previous counsel due to his heart attack;"
And, whereas, the defendant, LEONARD T. BZURA, on or about November 15, 1989, in the City of Elizabeth, County of Union, did state while under oath or equivalent affirmation in substance and in effect the following:
1. That the defendant consulted with and billed George Cannan in advance for services rendered and costs incurred in connection with the matter of E.I. DuPont DeNemours & Co., Inc. v. Environmental Materials Corp.;

2. That the answer to DuPont's Complaint would not be filed right away because of the written agreement which he, the defendant, and George Cannan entered into;
3. That said agreement permitted George Cannan to stretch out the payment of fees in connection with the DuPont litigation, and the appropriate answer would be filed by the defendant on George Cannan's behalf when George Cannan paid $10,000 to the defendant.
And, whereas the defendant, LEONARD T. BZURA, subscribed to both sets of statements, one or the other was a false statement which the defendant did not believe to be true....
As we read this rather complex indictment, it alleges that defendant swore to two sets of three statements, and that one or the other of the sets of statements consisted of false statements which defendant did not believe to be true. Thus, while the indictment cites N.J.S.A. 2C:28-2a, it alleges the form of false swearing proscribed by N.J.S.A. 2C:28-2c. The trial court adopted this interpretation by granting the State's motion to amend the indictment to allege a violation of N.J.S.A. 2C:28-2c rather than N.J.S.A. 2C:28-2a.
At trial, the court read the indictment to the jury and then gave the following instructions regarding the charge of false swearing:
The statute reads in pertinent part: A person who makes a false statement under oath when he does not believe the statement to be true is guilty of a crime of the fourth degree.
Now in this case the State is relying upon Grand Jury statements that were read to you and a certification that was read to you in part that was filed with the court by Leonard T. Bzura. So you would have to determine the following:

*614 That Leonard Bzura knowingly made a false statement when he did not believe it to be true. The State must prove beyond a reasonable doubt that Leonard Bzura knowingly made a false statement which he did not believe to be true. The defendant's belief that the statement was not true may be established by proof of actual knowledge on the part of the defendant that the statement was untrue or from proof of such facts from which it might reasonably be inferred that the defendant did not believe the statement was true.
....
In this case the State alleges that Leonard Bzura made inconsistent statements, both of which were alleged to have been made under oath. It's not necessary for the State to prove which statement or statements were false. I read you six different statements. Rather, the State need only prove that one or the other statement was false and not believed by the defendant to be true. It is not necessary that you all agree that the same statement or statements were false in order to convict the defendant of false swearing provided that each of you is satisfied that at least one of these statements was false when it was made and believed by the defendant to be false at the time he made that statement, and you may consider any of those statements that I read to you which are in the indictment, whether they're from the certification or from Grand Jury testimony. (Emphasis added.)
These instructions did not ensure a unanimous jury verdict with respect to defendant's guilt on the charge of false swearing. The court did not instruct the jury to determine whether the two sets of defendant's statements were inconsistent and thus one or the other had to be false and known by defendant to be false, but rather whether any one of defendant's six statements was false and not believed by him. Moreover, the court told the jury that its members did not have to agree as to which of defendant's statements was false, so long as each juror found that one of defendant's statements was false and not believed by him. Therefore, some jurors could have found that the two sets of statements made by defendant were not "inconsistent" with each other, but that one of the statements within one of the sets of statements was false and not believed by defendant to be true, and that defendant therefore was guilty of false swearing. In that event, the jury could have returned a guilty verdict without all its members agreeing either that any two statements or sets of statements were inconsistent with each other or that any particular statement was false. In other words, the jury instruction would have permitted some jurors to vote for a guilty verdict based on *615 the form of false swearing proscribed by N.J.S.A. 2C:28-2a, by finding that one of defendant's six statements was false, while permitting other jurors to find guilt based on the form of false swearing proscribed by N.J.S.A. 2C:28-2c, by finding the kind of inconsistency between the two sets of statements which establishes that one of the two sets of statements was false and believed by defendant to be false. To permit individual jurors to agree on a guilty verdict based on such different factual predicates would countenance a non-unanimous jury verdict either under the "conceptually distinct" acts test of United States v. Gipson, supra, or the "separate offenses" test of Schad v. Arizona, supra.
This conclusion is supported by United States v. Beros, 833 F.2d 455 (3d Cir.1987), in which the court reversed a conviction for embezzlement of union pension funds because the court's instructions allowed individual members of the jury to vote for conviction based on separate acts of alleged embezzlement without the entire jury agreeing that defendant had committed the same alleged illegal act. In the course of its opinion, the Court stated:
When the government chooses to prosecute under an indictment advancing multiple theories, it must prove beyond a reasonable doubt at least one of the theories to the satisfaction of the entire jury. It cannot rely on a composite theory of guilt, producing twelve jurors who unanimously thought the defendant was guilty but who were not unanimous in their assessment of which act supported the verdict. Conviction by a jury that was not unanimous as to the defendant's specific illegal action is no more justifiable than is a conviction by a jury that is not unanimous on the specific count.
[Id. at 462.]
Therefore, we conclude that the trial court's instructions regarding the charge of false swearing permitted the jury to return a non-unanimous verdict and that defendant's conviction for this offense must be reversed.

II
Although defendant's other arguments are clearly without merit, some brief comment is appropriate regarding several points.
*616 Defendant argues that the trial court abused its discretion in denying his pretrial motion to sever the perjury and false swearing counts from the theft counts. A critical consideration in ruling upon a motion for severance is whether, assuming the charges were tried separately, evidence of the offenses sought to be severed would be admissible under Evidence Rule 55 in the trial of the remaining charges. State v. Pitts, 116 N.J. 580, 601-02, 562 A.2d 1320 (1989). In this case, the State's evidence of defendant's false swearing would have been admissible in the trial of the theft charges even if the court had granted defendant's motion for a severance, because the fact that defendant made inconsistent statements such that "one or the other was false and not believed by the defendant to be true," N.J.S.A. 2C:28-2c, would tend to show that defendant acted with guilty intent when he obtained his client's money. See also United States ex rel. Hill v. Pinto, 394 F.2d 470, 473 (3d Cir.1968) (making of an admittedly false statement subsequent to offense "was in itself evidence of guilt"). So too would the jury hearing the false swearing and perjury counts necessarily have been exposed to the proofs relating to the theft charges because the motive for the alleged false swearing and perjury was to cover-up the thefts.
Defendant also argues that the trial court erred by failing to instruct the jury on the statutory defense of claim of right, N.J.S.A. 2C:20-2c(2). Since defendant did not request this instruction, see Model Jury Charges (Criminal): Claim of Right Defense (N.J.S.A. 2C:20-2c), we review his argument under a plain error standard. R. 2:10-2. Although the trial court did not give a claim of right instruction, it informed the jury that "defendant, of course, ... contends he is not guilty because he either performed services or they were estimated bills pursuant to an agreement." Later the court explained that while the State's theory was that defendant promised his client that he would pursue the litigation against DuPont, the defendant's theory was "that that was not the agreement, that there was a separate agreement that he would not do so until *617 he received a retainer for $10,000." Furthermore, defense counsel emphasized in his summation that defendant honestly believed that he could dispose of the client's funds as he did pursuant to the retainer agreement. Given the obvious defense theory and the language addressing the defense theory in the jury instructions, defendant was not prejudiced by the court's failure to give an explicit claim of right instruction.
Accordingly, we affirm defendant's conviction for theft by deception but reverse his conviction for false swearing and remand for a new trial on that charge.
NOTES
[1] N.J.S.A. 2C:28-2a is derived from section 241.2(1) of the Model Penal Code, and N.J.S.A. 2C:28-2c repeats verbatim the language of section 241.1(5) of the Model Penal Code. Under both the Model Penal Code and the New Jersey Code as originally proposed by the Criminal Law Revision Commission, the language now contained in N.J.S.A. 2C:28-2c is set forth in a subsection defining the offense of perjury. See Final Report of the New Jersey Criminal Law Revision Committee (Vol. I) 99-100 (October 1971). However, the Legislature eliminated this subsection from N.J.S.A. 2C:28-1 defining the offense of perjury and made it applicable solely to false swearing. See Cannel, New Jersey Criminal Code Annotated, comment 5 on N.J.S.A. 2C:28-1 (1992-93).