274 N.J. Super. 132 (1994)
643 A.2d 628
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MODESTO BUJAN AND EDDY TORRES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 4, 1994.
Decided June 1, 1994.
Before Judges GAULKIN, R.S. COHEN and D'ANNUNZIO.
Deborah T. Poritz, Attorney General, attorney for appellant (Frank M. Gennaro, Deputy Attorney General, of counsel and on the letter brief).
*133 Miller & Menaker, attorneys for respondents (Steven Menaker, of counsel and on the letter brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
A person who receives another's property, believing that it probably had been stolen, is guilty of a violation of N.J.S.A. 2C:20-7a, whether or not the property was stolen in fact. The Law Division order, dismissing Counts Two, Three and Four of the indictment against defendants on the thesis that the property had not been stolen in fact, is therefore reversed, and the counts are reinstated.
The prosecution results from a "sting operation." The State was ready to prove that a New Jersey State Police detective posed as a pharmaceutical warehouse employee and offered defendants stolen prescription drugs; in a well-documented series of contacts, the detective discussed prices and deliveries of stolen drugs with defendants, and ultimately delivered and was paid for prescription drugs on three occasions. The drugs actually had not been stolen, despite the detective's statements to defendants that they were, but rather had been entrusted to law enforcement officers for the purpose of the "sting operation." The three sales were for over $75,000, and the drugs, according to the State, were worth some $240,000.
N.J.S.A. 2C:20-7a states in pertinent part:
A person is guilty of theft if he knowingly receives or brings into this state moveable property of another knowing that it has been stolen or believing that it has probably been stolen.
The Law Division judge held that the property had to be stolen in fact, and that the alternatives, "knowing" or "believing," relate solely to the mind of the person charged: he need not know the stolen property was stolen; it is enough that he believe it probably was stolen.
N.J.S.A. 2A:139-1, the predecessor statute, criminalized only possession of goods that were

*134 stolen from any other person or taken from him by robbery or otherwise unlawfully or fraudulently obtained, or converted contrary to law....
Prosecution under N.J.S.A. 2A:139-1 therefore required proof that the property was actually stolen. State v. Kimbrough, 109 N.J. Super. 57, 64, 262 A.2d 232 (App.Div. 1970). N.J.S.A. 2C:20-7a does not expressly say the property must have been stolen, and it introduces the distinction between the actor's knowledge and belief in that regard. The question is whether the new and different wording applies to a person who receives property of another erroneously believing it was stolen.
The Commentary of the New Jersey Criminal Law Revision Commission on N.J.S.A. 2C:20-7a is not very helpful. It states only that "either knowledge that the property was stolen or a belief that it was probably stolen suffices for conviction." The Commentary can certainly be read to say that the statute purposely omits from the elements of the crime proof that the property was actually stolen. However, the Commentary does not have to be read that way, and thus does not clearly answer the question.
The title of N.J.S.A. 2C:20-7 is also not helpful. The heading is "Receiving Stolen Property." However, a title is a shorthand introduction, and does not control the plain words of a statute. City of Atlantic City v. County of Atlantic, 193 N.J. Super. 583, 586, 475 A.2d 616 (App.Div. 1983). "[L]ike the inscription on a tombstone, [it] serves only to indicate what lies below." State v. Greene, 33 N.J. Super. 497, 500, 111 A.2d 65 (App.Div. 1955).
The Commentary to the Model Penal Code, however, is very helpful. N.J.S.A. 2C:20-7a is identical, in respects material to this case, to Section 223.6 of the Model Penal Code. The 1962 Commentary on Section 223.6 states:
There is no requirement in Section 223.6 that the property in fact have been stolen; it is sufficient if the actor believes that the property probably has been stolen.
[Model Penal Code § 223.6 comment 4(b) at 239].
That is clear enough. The Commentary is a legitimate and useful guide to the meaning of Model Code provisions, and was available to the New Jersey drafters when they wrote the Code of Criminal Justice. See State v. Valentin, 105 N.J. 14, 21-22, 519 A.2d 322 *135 (1987). It is reasonable to suppose they were aware of the Model Penal Code drafters' interpretation, and that they would have used different words if they wanted a different result for New Jersey.
Missouri adopted the same Model Penal Code provision. In State v. Sweeney, 701 S.W.2d 420 (Mo. 1985), its Supreme Court faced the question presented by this case, and ruled that a conviction for receiving was proper in a prosecution resulting from a "sting operation" because the property received by defendant did not have to be stolen. It was necessary only that defendant believed it was. The Court so ruled despite the fact that defendant could also have been charged with attempt to receive stolen goods, the defense of impossibility having been abolished in Missouri as it has been in New Jersey. N.J.S.A. 2C:5-1a(1); State v. Moretti, 52 N.J. 182, 186-90, 244 A.2d 499, cert. denied, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968); Cannel, New Jersey Criminal Code Annotated, Comment to N.J.S.A. 2C:5-1a(1).
Utah reached the same result, also in a case involving a conviction founded on a "sting operation" under a statute using the same Model Penal Code language. State v. Pappas, 705 P.2d 1169, 1173 (Utah 1985). See also State v. Jonas, 793 P.2d 902 (Utah App.), cert. denied, 804 P.2d 1232 (Utah 1990). In addition, the Maine Supreme Court has ruled that the elements of the crime under the Model Penal Code language include (1) receiving the property of another (2) knowing that it has been stolen or believing that it has probably been stolen. State v. Currier, 521 A.2d 295, 299 (Me. 1987). The Currier Court did not directly decide the question whether the property had to have been stolen, but it did list the elements of the crime, and it omitted that the property had to be stolen.
Pennsylvania and Delaware courts have ruled to the contrary. In Pennsylvania, a pre-1972 receiving statute like New Jersey's old one expressly required proof that the property had been stolen. The Legislature adopted the Model Penal Code provision in 1972. The Pennsylvania Superior Court, sitting en banc in *136 1993, decided that removal of the express reference to "stolen" property in the new statute did not change the requirement that the property be actually stolen, despite the clarifying Code Commentary. Commonwealth v. Stafford, 424 Pa.Super. 591, 623 A.2d 838 (1993). The Court pointed out that the change in statutory language had been judicially overlooked for twenty years. It listed a series of published post-1972 Pennsylvania receiving cases, all of which continued to rely on pre-1972 law requiring that the property had to be actually stolen. The Stafford Court then noted:
... not once since the language of the offense of receiving stolen property was changed by the Crimes Code of 1972, has this court or our Supreme Court directly commented upon the difference between the language of the two statutes. However, we do not believe that fact alone renders the well-established case authority obsolete.
[Id. at 840].
The Court also noted that its ruling was consistent with the title of the Model Code section, "Receiving Stolen Property," a consideration that New Jersey finds unpersuasive.
In New Jersey, we have no twenty-year period of judicial inattention to a basic and purposeful change in statutory language. We thus have no need to disregard or discount the clear statement of the drafters of the Model Penal Code as to the meaning of Section 223.6, a persuasive interpretive statement which was before the New Jersey Legislature at the time it adopted N.J.S.A. 2C:20-7a.
A Delaware trial court ruled in 1975 that the property must be stolen for conviction under a statute prohibiting receipt of "the property of another person ... knowing that it has been acquired under circumstances amounting to theft, or believing that it has been so acquired." State v. Shahan, 335 A.2d 277 (Del.Super. 1975). In reaching that conclusion, the court erroneously noted that the Model Penal Code Commentaries do not "indicate an intent to dispense with the requirement that the goods be stolen ..." Id. at 282. It also relied on the holdings of three Alabama cases and one Oregon case which do not support its *137 conclusion. Id. at 282-83. We do not find this opinion to be persuasive.
It is not hard to say plainly that an element of the crime of receiving is that the property is stolen property. Arkansas, Connecticut and Nebraska have enacted the Model Penal Code receiving-stolen-goods language while expressly retaining the requirement that the property be stolen. They did so simply by adding the word "stolen" before the phrase "property of another," in order to produce a provision making it criminal to receive the stolen property of another knowing that it has been stolen or believing that it has probably been stolen. See Ark.Stat.Ann. § 5-36-106; Conn. Gen. Stat. § 53a-119(8); Neb. Rev. Stat. § 28-517. If New Jersey had desired the same result, that simple solution surely would have occurred to someone. For examples of statutes reaching similar results by similar means, see Georgia Code § 16-8-7; Ill. Rev. Stat., Ch. 38, § 16-1(a)(4); Iowa Code § 714.1.
Reversed, and remanded to the Law Division for appropriate proceedings.