49 So.3d 734 (2009)
Jerry Wade RICH
v.
STATE of Alabama.
CR-08-1078.
Court of Criminal Appeals of Alabama.
December 18, 2009.
Rehearing Denied February 19, 2010.
Certiorari Denied May 14, 2010 Alabama Supreme Court 1090743.
*735 R. Lance Bell, Jr., Birmingham, for appellant.
Troy King, atty. gen., and Ferris Stephens, asst. atty. gen., for appellee.
PER CURIAM.
The appellant, Jerry Wade Rich, was convicted of receiving stolen property in the second degree, a violation of § 13A-8-18, Ala.Code 1975. He was sentenced to 10 years' imprisonment; that sentence was split, and he was ordered to serve one year followed by two years on probation. This appeal followed.
The State's evidence tended to show the following. In October 2007, Rick Freese, a loss prevention investigator with Target Corporation, met with members of the Trussville Police Department to discuss conducting a sting operation at Jim's Pawn Shop in Trussville. Target agreed to furnish merchandise to the police who would, in turn, attempt to pawn that merchandise at Jim's Pawn Shop. In October 2007, Scott Salser, an undercover officer with the Birmingham Police Department, sold three iPods[1] that he represented had been stolen, to Rich, an employee of Jim's Pawn Shop. Rich confessed to Detective Todd Posey of the Trussville Police Department that he had falsely recorded the serial numbers on two of the iPods and that the pawnshop often received stolen property.
Rich argues that the evidence was insufficient to sustain his conviction for receiving stolen property because, he argues, the State failed to prove that the property was "stolen." He relies on the Alabama Supreme Court's decisions in Ex parte Walls, 711 So.2d 490 (Ala.1997), and Farzley v. State, 231 Ala. 60, 163 So. 394 (1935).
In 1997, the Alabama Supreme Court in Ex parte Walls, addressed whether the statute making it a criminal offense to receive stolen property would apply had the property never been stolen or had it been recovered from police and lost its *736 "stolen status." The Supreme Court stated:
"It is undisputed that eight of the radios supplied to the police by Baker and later purchased by Walls had never been stolen. Therefore, under Farzley [v. State, 231 Ala. 60, 163 So. 394 (1935)], they cannot be the subject of the offense of receiving stolen property. `[I]f as a matter of fact [the goods] had not been stolen, there could be no conviction, no matter how strong the evidence tending to show that a defendant had reasonable grounds for believing they were stolen.' Smitherman v. State, 340 So.2d 896, 900 (Ala.Cr.App.1976), interpreting Farzley. In other words, a defendant may possess the requisite guilty mind, but if the property is not actually stolen property, then a circumstance that is unknown to him prevents him from committing the completed act prohibited by statute, i.e., the offense of receiving stolen property.
"The state nonetheless urges that we should allow a conviction for receiving stolen property under § 13A-8-16 whenever a defendant has reasonable grounds to believe that property received has been stolen, without respect to whether the property received had been stolen in fact. The state refers us to cases from other jurisdictions in which courts have held that a defendant may be criminally liable for receiving, notwithstanding that the property received was not in fact stolen property. See State v. Bujan, 274 N.J.Super. 132, 643 A.2d 628 (App.Div.1994); State v. Sweeney, 701 S.W.2d 420 (Mo.1985); State v. Pappas, 705 P.2d 1169 (Utah 1985). These cases demonstrate that some states have eliminated from their statutory `receiving' offense the requirement that the property received have been stolen in fact. While our legislature could similarly eliminate this requirement as an element of the completed `receiving' offense in this state, we conclude that to adopt such an interpretation of § 13A-8-16, as that section presently reads, would be directly contrary to the statutory language.
"As noted previously, § 13A-8-16(a) states that `[a] person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen.' (Emphasis added.) Thus, the state would have us read out of the statute the express requirement that the property received, retained, or disposed of by the defendant have been stolen. This we decline to do.
"`"A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert, denied, 265 Ala. 700, 90 So.2d 238 (1956).
"`"....
"`"One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, [257 Ala. 502, 60 So.2d 202 (1952),] citing Young's Case, 58 Ala. 358 (1877)."'
"Ex parte Mutrie, 658 So.2d 347, 349 (Ala.1993) (emphasis omitted)."
711 So.2d at 494. The Supreme Court relied on Farzley to reach its decision in Walls.
*737 The State argues that the Alabama Supreme Court's decision in Walls is no longer good law because, it asserts, the theft statute was amended after Walls was released. It contends that § 13A-8-2(3), which was added to the theft statute in 2003, enables law enforcement to carry out sting operations such as one in this case and broadened the definition of theft in the receiving-stolen-property statute.
Rich was indicted for receiving stolen property in the second degree. The indictment reads as follows:
"JERRY WADE RICH, whose name is to the grand jury otherwise unknown, did, intentionally receive, retain, or dispose of stolen property, to-wit: one Ipod of the value of $249.99; one Ipod of the value of $199.99 and one Ipod of the value of $59.98, the property of CITY OF TRUSSVILLE POLICE DEPARTMENT, A MUNICIPAL CORPORATION knowing that it was stolen or having reasonable grounds to believe it had been stolen and not having the intent to restore it to its owner, in violation of Section 13A-8-18 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama."
(C. 16) (capitalization original).
Section 13A-8-16, Ala.Code 1975, defines the crime of receiving stolen property:
"(a) A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."
Section 13A-8-18(a)(1), Ala.Code 1975, defines receiving stolen property in the second degree as receiving stolen property that exceeds "five hundred dollars ($500) in value but does not exceed two thousand five hundred dollars ($2,500) in value." "Stolen" is defined in § 13A-8-1(12), Ala. Code 1975, as: "[o]btained by theft, theft by appropriating lost property, robbery, or extortion."
When examining the relevant statutes, we must keep in mind the following principles of statutory construction:
"`"[I]t is well established that criminal statutes should not be `extended by construction.'"' Ex parte Mutrie, 658 So.2d 347, 349 (Ala.1993) (quoting Ex parte Evers, 434 So.2d 813, 817 (Ala. 1983), quoting in turn Locklear v. State, 50 Ala.App. 679, 282 So.2d 116 (1973)).
"`A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala.App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
"`Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952).
"`One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing [Young v. State], 58 Ala. 358 (1877).
"`No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra.'
"Clements v. State, 370 So.2d 723, 725 (Ala.1979) (quoted in whole or in part in *738 Ex parte Murry, 455 So.2d 72, 76 (Ala. 1984), and in Ex parte Walls, 711 So.2d 490, 494 (Ala.1997)) (emphasis added).
"`"Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used ...." United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936). See also, Ex parte Evers, 434 So.2d 813, 816 (Ala.1983); Fuller v. State, 257 Ala. 502, 60 So.2d 202, 205 (1952).'
"Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993) (emphasis added). `[T]he fundamental rule [is] that criminal statutes are construed strictly against the State. See Ex parte Jackson, 614 So.2d 405 (Ala.1993).' Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala.2000) (emphasis added). The `rule of lenity requires that "ambiguous criminal statute[s]... be construed in favor of the accused."' Castillo v. United States, 530 U.S. 120, 131, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000) (paraphrasing Staples v. United States, 511 U.S. 600, 619 n. 17, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994))."
Ex parte Bertram, 884 So.2d 889, 891-92 (Ala.2003).
"`Moreover, "one `is not to be subjected to a penalty unless the words of the statute plainly impose it,' Keppel v. Tiffin Savings Bank, 197 U.S. 356, 362, 25 S.Ct. 443, 49 L.Ed. 790 [(1905)]. `[W]hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite.' United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 221-222, 73 S.Ct. 227, 229-230, 97 L.Ed. 260 [(1952)]." United States v. Campos-Serrano, 404 U.S. 293, 297, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971).'
"[United States v.] Bridges, 493 F.2d [918] at 923 [(5th Cir.1974)].
"`Words used in the statute must be given their natural, plain, ordinary, and commonly understood meaning.' Alabama Farm Bureau Mut. Casualty Ins. Co. v. City of Hartselle, 460 So.2d 1219, 1223 (Ala. 1984). The general rule of construction for the provisions of the Alabama Criminal Code is found in Ala. Code 1975, § 13A-1-6: `All provisions of this title shall be construed according to the fair import of their terms to promote justice and to effect the objects of the law, including the purposes stated in section 13A-1-3.' Among the purposes stated in § 13A-1-4 is that found in subsection (2): `To give fair warning of the nature of the conduct proscribed.'"
Carroll v. State, 599 So.2d 1253, 1265 (Ala. Crim.App.1992).
The legislature has amended the theft statute to add § 13A-8-2(3), Ala.Code 1975, which provides that a person commits the crime of theft of property if he or she:
"(3) Knowingly obtains or exerts control over property in the custody of a law enforcement agency which was explicitly represented to the person by an agent of the law enforcement agency as being stolen."
However, this same provision was not added to the receiving-stolen-property statute or to the general definition of "stolen" in § 13A-8-l(12), Ala.Code 1975. Had the legislature intended to broaden the definition of stolen property for purposes of the receiving-stolen-property statute it could have easily amended § 13A-8-1 (12), Ala. Code 1975, or § 13A-8-16, Ala.Code 1975; it did not. It appears that in adding subsection (3) to § 13A-8-2, Ala.Code 1975, the legislature provided harsher penalties *739 for those who receive stolen property as a result of a sting operation and enabled the State to prosecute those offenders for the greater offense of theft.
Moreover, the statutes at issue in Walls, § 13A-8-16 and § 13A-8-1(12), Ala.Code 1975, are the same ones involved in this case, and they have not been amended since the Supreme Court's decision in Walls. The Supreme Court, in reaching its decision in Walls, did not rely on or even cite the definition of "theft" codified in § 13A-8-2, Ala.Code 1975, but instead relied on the strict wording of the receiving-stolen-property statute. The law requires that we strictly construe the relevant statutes. Walls is still binding on this Court, unless and until the legislature amends the receiving-stolen-property statute. We have no alternative but to hold that because the property was not "stolen," Rich could not be convicted of receiving stolen property. See Walls. Accordingly, Rich's conviction for receiving stolen property in the second degree must be reversed and a judgment rendered in his favor.
REVERSED AND JUDGMENT RENDERED.
WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur.
MAIN, J., dissents, with opinion.
MAIN, Judge, dissenting.
I respectfully dissent from the per curiam opinion reversing Jerry Wade Rich's conviction for second-degree receiving stolen property and rendering a judgment in his favor.
Rich was charged by indictment with second-degree receiving stolen property, a violation of § 13A-8-18, Ala.Code 1975. The per curiam opinion has set out the applicable principles regarding statutory construction, and my analysis is in accordance with those principles. As the per curiam opinion also sets out, receiving stolen property is defined as:
"A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."
§ 13A-8-16(a), Ala.Code 1975. A person commits the crime of second-degree receiving stolen property, a Class C felony, when the stolen property "exceeds five hundred dollars ($500) in value but does not exceed two thousand five hundred dollars ($2,500) in value ...." § 13A-8-18(a)(1), Ala.Code 1975. The General Definitions to Chapter 8Offenses Involving Theftwhich are applicable in this case, defines "stolen" as: "[o]btained by theft, theft by appropriating lost property, robbery, or extortion." § 13A-8-1(12), Ala. Code 1975. Theft is not one of the terms defined in the general definitions section of Chapter 8Offenses Involving Theft. However, the Commentary to § 13A-8-16, Ala.Code 1975, cross-references § 13A-8-1, Ala.Code 1975, specifically, the definitions for "property," "receiving," and "stolen." The Commentary also cross-references § 13A-8-2, Ala.Code 1975, "theft of property." Additionally, the Commentary to § 13A-8-16 states that: "`[s]tolen' means `obtained by theft.'" and references "Section 13A-8-1(12)." Theft is defined in § 13A-8-2, in pertinent part, as:
"A person commits the crime of theft of property if he or she:
....
"(3) Knowingly obtains or exerts control over property in the custody of a law enforcement agency which was explicitly represented to the person by an *740 agent of the law enforcement agency as being stolen, ...."
The "History" to § 13A-8-2, Ala.Code 1975, provides that the legislature added subdivision (3) by amendment in 2003. Thus, in my opinion, the three iPods were "stolen" because they were in the custody of the Trussville Police Department; Detective Posey, an agent of the Trussville Police Department, represented to Rich that they were in fact stolen; and Rich obtained the property for Jim's Pawn Shop. Therefore, I would affirm Rich's conviction. Therefore, I dissent.
NOTES
[1] An iPod is a portable media player manufactured and sold by Apple, Inc.